UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID NACHIMOVSKY, <br><br> Plaintiff, <br><br> -against- <br><br> NIKE, INC., AMAZON.COM, LLC, AMAZON.COM, INC., and AMAZON SERVICES, LLC <br><br> Defendants. | CASE NO._____ <br><br><br> NOTICE OF REMOVAL |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant Nike, Inc. ("Nike") hereby files this Notice of Removal to remove this action from the Supreme Court of the State of New York, County of Kings. As grounds for removal, Nike states as follows:

1. Plaintiff David Nachimovsky filed this action by way of Verified Complaint on or about March 6, 2019, in the Supreme Court of the State of New York, County of Kings entitled *David Nachimovsky v. Nike, Inc., Amazon.com LLC, Amazon.com, Inc., and Amazon Services, LLC*, Civil Action No. 504905/2019 (the "Action"). The complaint alleges claims for negligence and products liability and is now pending in that court. See Exhibit A.

2. On March 26, 2019, Plaintiff served a copy of the Summons and Complaint on Nike. See Exhibit B. Upon information and belief, receipt of the Summons and Complaint on that date was Nike's first notice of the existence of a pleading containing claims for relief asserted by Plaintiff which could be removed to this Court. Accordingly, this Notice of Removal is timely filed. 28 U.S.C. § 1446(b); *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999).

1

Error! Unknown document property name.

3. Nike has conferred with the remaining defendants in this matter, and all consent to the removal of this Action to the United States District Court for the Eastern District of New York. See <u>Exhibit C</u>.

4. This Court has subject matter jurisdiction because this is a civil action in which the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332. Accordingly, the Court has jurisdiction over this matter and removal is proper pursuant to 28 U.S.C. § 1332, 1441, and 1446.

5. First, there is complete diversity of citizenship between the parties, in that:

   a. According to the Complaint, Plaintiff is a citizen of the State of New York, and resides in the County of Kings. *Complaint* at ¶ 1.

   b. Nike, Inc. is a corporation organized under the laws of the State of Oregon with its principal place of business in the State of Oregon. Nike, Inc. is therefore a citizen of Oregon for the purposes of diversity jurisdiction.

   c. Defendant Amazon.com, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of Washington. Amazon.com, Inc. is therefore a citizen of the State of Washington and the State of Delaware for the purposes of diversity jurisdiction.

   d. Amazon.com LLC was a Delaware limited liability company. Amazon.com LLC merged into Amazon Fulfillment Services Inc. on January 1, 2018. Before the merger, Amazon.com LLC had one member, Amazon Corporate LLC. Amazon Corporate LLC's sole member was Amazon Global Resources, LLC. Amazon Global Resources, LLC's sole member was Amazon Fulfillment Services, Inc. Amazon Fulfillment Services, Inc., which has changed its name to Amazon.com Services, Inc., is a corporation organized under the laws of Delaware with its principal place of business in Washington. Amazon.com, LLC is therefore a citizen of the State of Washington and the State of Delaware for the purposes of diversity jurisdiction.

   e. Amazon Services, LLC is and was a limited liability company whose sole member is Amazon.com Services, Inc. Amazon.com Services, Inc. is and was a corporation organized under the laws of Delaware with its principal place of business in Washington. Amazon Services, LLC is therefore a citizen of the State of Washington and the State of Delaware for the purposes of diversity jurisdiction.

6. Second, the amount in controversy requirement set forth in 28 U.S.C. § 1332 is satisfied. A notice of removal may assert the amount in controversy if the initial pleading seeks a money judgment despite when "the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." 28 U.S.C. § 1446(c)(2)(A)(ii).[1] "A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014).

7. Further, even where a complaint does not demand a specific amount of damages, the amount in controversy requirement may be met based upon allegations of "severe and permanent personal injuries." *James v. Gardner*, 2004 WL 2624004, at *4 (E.D.N.Y. Nov. 10, 2004); *In re General Motors LLC Ignition Switch Litigation*, 2015 WL 2130904, at *1 (S.D.N.Y. May 6, 2015) (finding that amount in controversy requirement can be satisfied upon allegations of "severe and permanently crippling and disabling bodily injuries"). In denying remand, the court in *General Motors* noted that the plaintiff's claimed compensatory damages were sufficient to meet the amount-in-controversy requirement because the plaintiff claimed to have "incurred hospital and medical bills for treatment of her permanently disabling injuries; sustained great and severe physical and mental pain and suffering; and . . . had her ability to work and earn money permanently impaired." *Id.*, at *2-3 (internal quotations omitted). The court also noted that the plaintiff asserted claims for damages based upon "*future* medical expenses and loss of income," as well as non-economic damages. *Id.* (emphasis in original).

8. Here, Plaintiff's Complaint asserts that, as a result of Defendants' alleged acts or omissions, Plaintiff has "sustained great pain, agony, injury, suffering, and medical treatment, as

---

[1] In personal injury actions like the case at bar, New York does not permit demand for a specific sum. *See* NY CPLR § 3017(c). Plaintiff's Complaint does not demand a specific sum. *See, generally, Complaint.*

well as mental anguish and emotional distress." *See, Complaint at* ¶ 12. Moreover, Plaintiff alleges that he "has been and will continue to be unable to attend to [his] usual pursuits, has required and will continue to require hospital and medical attention in an attempt to cure [him]self of [his] injuries; has been and will continue to be required to spend money in such attempts; has sustained and continues to sustain pecuniary loss by reason of defendant[s'] negligence; and was and will continue to be rendered unable to perform [his] normal activities and duties." *See id.* at ¶ 13.

9. Based, in part, upon the allegations in the Complaint, including the various elements of damages—past, present, and future—to which Plaintiff alleges he is entitled, it is evident that the amount in controversy exceeds $75,000.00. Here, Plaintiff alleges severe and permanent injuries, great pain, agony, and suffering, and an inability to participate in normal life activities. *See Complaint* at ¶ 12-13. Plaintiff also alleges that his alleged injuries will continue. *Id.* at ¶ 13. Based upon the nature of Plaintiff's claims, and the findings of other courts in cases where similar injuries were alleged, it is more likely than not that the Plaintiff's claimed damages exceed $75,000.00 exclusive of interest and costs, and the amount in controversy requirement set forth in 28 U.S.C. § 1332 is satisfied. *James*, 2004 WL 2624004, at *4; *In re General Motors*, 2015 WL 2130904, at *1.

10. Therefore, Defendants properly removed this case to this Court pursuant to 28 U.S.C. § 1441 because all of the parties are diverse and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

11. This Notice of Removal is filed within the time provided by 28 U.S.C. § 1446(b) and the Federal Rules of Civil Procedure.

12. Defendants Amazon.com, Inc., Amazon.com, LLC and Amazon Services, LLC, which have been served in this matter, consent to the removal of this action to federal court. <u>Exhibit C.</u>

13. Attached as <u>Exhibit D</u> is Nike's Rule 7.1 Disclosure.

14. Therefore, based on the foregoing, this Action is removed from the Supreme Court of the State of New York, County of Kings to the United States District Court for the Eastern District of New York.

15. Venue is proper under 28 U.S.C. § 1441(a) when the District embraces the place where such action is pending. Here, the United States District Court for the Eastern District is the appropriate venue because this Action is pending in the Supreme Court of the State of New York, County of Kings.

16. By filing this Notice of Removal, Nike is not making a general appearance and is not waiving its rights to raise any defenses and/or grounds for dismissal pursuant to Rule 12 of the Federal Rules of Civil Procedure or otherwise.

17. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all the process, pleadings, orders, and documents from the state court which have been served upon Nike are being filed with this Notice of removal.

18. Upon filing of this Notice of Removal, Nike shall give written notice thereof to Yoram Nachimovsky, Esq., Yoram Nachimovsky, PLLC, 299 Broadway, Suite 605, New York, New York 10007. Further, Nike shall file copies of this Notice of Removal with a Notice of Filing of Removal with the Court Clerk for the Supreme Court of the State of New York, County of Kings.

WHEREFORE, Defendant Nike, Inc. requests that this action be removed to this Court, and for all other relief to which it is entitled.

Dated: April 11, 2019.

> Respectfully submitted,
>
> /s/ Patricia A. O'Connor
> Patricia A. O'Connor, Esq.
> New York Bar No. 2508752
> BRODY, O'CONNOR & O'CONNOR, ESQS.
> 7 Bayview Avenue
> Northpoint, New York 11768
> Telephone: (631) 261 7778
> patricia.oconnor@brodyoconnor.com
>
> ~and~
>
> Dale W. Brown, Esq.
> Arkansas Bar No. 2004121
> KUTAK ROCK LLP
> 234 East Millsap Road, Suite 200
> Fayetteville, AR 72703-4099
> Telephone: (479) 973-4200
> dale.brown@kutakrock.com
> *Counsel for NIKE, INC. anticipated pro hac vice admission*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using CM/ECF system, and will send notification of such filing to the following:

Yoram Nachimovsky, Esq.
299 Broadway, Suite 605
New York, NY 10007
nybizlaw@aol.com
*Attorneys for Plaintiff*

this 11th day of April, 2019.

> /s/ Patricia A. O'Connor
> Patricia A. O'Connor